{¶ 17} I concur with the majority's decision to reverse the trial court's expungement order. I write separately, however, to point out the difficulties of the expungement statutes as they relate to the trial court's order in this particular case.
 {¶ 18} As currently written, R.C. 2953.31(A) provides that an individual with multiple convictions not arising from the same act or from offenses not committed at the same time may have those convictions counted as one and may still qualify as a first offender and be eligible for expungement.
 {¶ 19} A problem occurs when, as in the case at bar, the trial court makes only a rote and conclusory statement that an individual is a first offender and is entitled to have his record sealed. Had the trial court enunciated its reasons and provided the statutory elements of R.C.2953.31 and 2953.32 upon which it based its conclusions, the expungement order could possibly have been affirmed.
 {¶ 20} Unless the trial court makes the specific statutory findings to support an expungement order, a reviewing court is unable to determine how criminal acts are "related" or what "official proceeding" resulted in multiple convictions. I agree that an expungement order issued under such circumstances cannot stand.